UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TODD MICHAEL DOCKERY,

    Defendant.

Case No. 22-20506
Honorable Laurie J. Michelson

---

**OPINION AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [220]**

---

Todd Dockery pled guilty to conspiracy to distribute controlled substances and possession with intent to distribute at least 100 grams of heroin. (ECF No. 103.) In the parties' Rule 11 plea agreement, they did not recommend a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with the drug offenses. (*Id.* at PageID.292.) At sentencing, however, the Court found that such a two-level enhancement was warranted based on a firearm located in Dockery's bedroom during the execution of a search warrant. (ECF No. 166, PageID.706–709.) As a result, the Court calculated Dockery's sentencing guidelines range, based on an offense level of 33 and criminal history category I, at 135–168 months. (*Id.* at PageID.710–711.) Had the Court not included the two-level enhancement, the guidelines range would have been 108–135 months. Ultimately, on July 30, 2024, Dockery was sentenced to 84 months' imprisonment, well below the bottom of both ranges. (ECF No. 142.)

Dockery now seeks to vacate that sentence under 28 U.S.C. § 2255. (ECF No. 220.) He raises only one argument: "the firearm enhancement was improperly applied." (*Id.* at PageID.1681.) Dockery contends the firearm belonged to his son, was temporarily placed near his bedroom window during a family gathering, and that there was no proof he had the power or intent to exercise control over the firearm. (*Id.*) Setting aside the Court's thorough ruling at sentencing overruling this same objection raised by the defense, Dockery, as part of his plea agreement, waived his right to bring this challenge to his sentence. (ECF No. 103, PageID.298.)

Thus, the Court does not need a response from the government. Nor is a hearing necessary because the motion, record of prior proceedings, and governing law "conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255(b); *see* Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255, Rule 4(b) (amended 2019). As a result, Dockery's § 2255 motion is DENIED.

## I.

"To prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). It is the defendant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018).

## A.

At the outset, Dockery's motion is untimely. The limitation period for moving to vacate a sentence under § 2255 begins to run on the latest of four dates. 28 U.S.C. § 2255(f). "Subsection one usually governs, meaning [Dockery] had one year after his conviction became final to file his motion to vacate." *Simmons v. United States*, 974 F.3d 791, 793 (6th Cir. 2020) (citing § 2255(f)(1)). The Judgment became final on August 13, 2024, fourteen days after it was entered. *Id.*; Fed. R. App. P. 4(b)(1).  So Dockery had one year after that, until August 13, 2025, to file his motion to vacate. But he did not file until January 18, 2026. (ECF No. 202, PageID.1683.) Nor has Dockery identified any extraordinary circumstance beyond his control that made it impossible for him to file a timely motion, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), so equitable tolling does not apply.

The Court recognizes, however, the Sixth Circuit directive that before a district court dismisses a habeas petition *sua sponte* on the basis of the statute of limitations, it should first provide the defendant with notice and an opportunity to be heard. *See Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004). Given the other deficiencies in Dockery's motion, however, it is more efficient to address the merits. Thus, the Court will forego an ultimate ruling on timeliness grounds.

## B.

Most basic, Dockery's plea agreement precludes his post-conviction motion. In that agreement, Dockery was advised of the many rights he would waive by pleading guilty. (ECF No. 103.) This included his right to "collateral review." (*Id.* at

3

PageID.298.) That is, Dockery expressly agreed not to challenge his conviction or sentence "on any grounds under 28 U.S.C. § 2255," except for a properly raised claim of ineffective assistance of counsel or prosecutorial misconduct (*id*.), neither of which are raised by Dockery in the instant motion—which again, raises only a narrow challenge to the Court's calculation of his sentencing guidelines range (ECF No. 220).

A defendant may waive any right, constitutional or statutory, through a plea agreement. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "It follows that a defendant may waive his right to bring future postconviction challenges, which are not constitutionally required, so long as the waiver is knowing and voluntary." *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Dockery does not challenge the voluntariness of the plea. (ECF No. 220, PageID.1681.) Nor could he. Under Federal Rule of Criminal Procedure 11, the Court must ensure that "the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged" before accepting the defendant's plea. *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005). The Court did so here through a thorough plea colloquy. Accordingly, Dockery's plea was unquestionably made knowingly and voluntarily.

In sum, the collateral review waiver in Dockery's plea agreement precludes his challenge to a sentencing enhancement in a motion to vacate under § 2255.

## II.

Even if it did not, Dockery would still not be entitled to relief.

Dockery did not raise any challenge to his sentence on direct appeal (likely due to the separate appeal waiver in his plea agreement (ECF No. 103, PageID.297–298)). And claims not raised on direct appeal may not be raised on collateral review unless the defendant shows either "cause and actual prejudice, or that he is actually innocent." *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (explaining that "[u]nder the Supreme Court's procedural-default rule," a defendant's failure to raise a claim "during the 'main event' (his criminal litigation) means that he presumptively cannot raise it in an after-the-fact § 2255 motion"). Dockery's motion makes clear that it is "limited." (ECF No. 220, PageID.1681.) He is not seeking to vacate his convictions. He "seeks relief only as to the firearm enhancement," which, says Dockery, "added two offense levels and materially increased his sentence." (*Id.*) But he fails to address the fact that his sentence was well below even the bottom of the guidelines range without the enhancement. (*Id.*) Thus, he cannot establish actual prejudice. Equally fatal, Dockery makes no attempt to establish cause or actual innocence. These arguments, therefore, have been forfeited. *See Tri-State Wholesale Bldg. Supplies, Inc. v. NLRB.*, 657 F. App'x 421, 425 (6th Cir. 2016) (noting that the Sixth Circuit has "consistently held that arguments not raised in a party's opening brief . . . are waived, or at least forfeited").

Thus, Dockery's challenge to his sentence is procedurally defaulted.[1]

### III.

For these reasons, Dockery's motion to vacate his sentence (ECF No. 220) is DENIED.

The Court further finds that reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Dockery has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is DENIED. The Court will, however, grant Dockery leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: February 18, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

[1] As a final nail in the motion's coffin, Dockery fails to demonstrate any error in the Court's ruling that, as recommended by Probation, the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) was warranted. (ECF No. 166, PageID.706–709.)